IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Kevin Pitts, ) | |
| ) | Civil Action No. 6:18-cv-291-JFA-KFM |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Warden of Lee Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the court on the respondent's motion to dismiss (doc. 15). The petitioner, proceeding *pro se*, filed this action pursuant to 28 U.S.C. § 2254 for habeas relief. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. For the reasons set forth below, the respondent's motion to dismiss should be granted.

**BACKGROUND**

The petitioner is currently incarcerated at the Lee Correctional Institution in the South Carolina Department of Corrections (doc. 1 at 1). He seeks to vacate his 2006 state convictions of murder and possession of a weapon during the commission of a violent crime entered in the Anderson County Court of General Sessions (*id.*) His cited grounds for relief are ineffective assistance of counsel, lack of probable cause for arrest, newly discovered evidence, and prosecutorial misconduct (*id.* at 5-12). He seems to contend that he exhausted some of these grounds for relief in his first state PCR action, which the Court of Common Pleas denied on October 5, 2009, and in his second state PCR action, which was denied on June 24, 2011 (*id.*).

The respondent filed the motion to dismiss on April 24, 2018 (doc. 15). On April 25, 2018, pursuant to *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), the petitioner was advised of the motion to dismiss and motion for summary judgment

procedures and the possible consequences if he failed to adequately respond to the motion (doc. 17). When the petitioner did not file a timely response, the undersigned issued an order giving him until June 25, 2018, to file his response (doc. 19). The petitioner filed his response on June 22, 2018 (doc. 21).

In the motion to dismiss, the respondent sets forth the procedural history of the petitioner's previous habeas attempts here and argues that this case is barred as successive. This court takes judicial notice that in 2011, the petitioner filed a habeas action pursuant to 28 U.S.C. § 2254 in this court seeking to overturn the same state convictions. *See* Order, *Pitts v. Warden Lee Corr. Inst.*, C/A No. 3:11-cv-2093-JFA (D.S.C. Sept. 11, 2012), doc. 33, *appeal dismissed* (4th Cir. Dec. 31, 2004), doc. 40. This case was decided on the merits. *Id.* Further, the petitioner filed another habeas action pursuant to 28 U.S.C. § 2254 in this court in 2017. *See* Order, *Pitts v. Warden Lee Corr. Inst.*, C/A No. 6:17-cv-697-JFA (D.S.C. Apr. 28, 2017), doc. 17, *appeal dismissed* (4th Cir. Jul. 9, 2018), doc. 25. This case was dismissed as successive.[1] The petitioner also moved before the United States Court of Appeals for the Fourth Circuit for leave to file a successive habeas petition. *In re: Kevin Pitts,* App. Case No. 17-218 (4th Cir.) (docketing notice issued Apr. 28, 2017). The appellate court denied the motion for authorization to file a successive habeas application in an order issued on May 25, 2017. *Id.*

## DISCUSSION

On April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") amended 28 U.S.C. § 2254 and other habeas statutes:

> The AEDPA effected a number of substantial changes regarding the availability of federal postconviction relief to individuals convicted of crimes in federal and state courts. Of particular importance here are the provisions of the AEDPA

---

[1] It is appropriate for this court to take judicial notice of the petitioner's prior cases. *See Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

2

> codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief. *See Felker v. Turpin*, 518 U.S. 651 . . . (1996). Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals.

*In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (footnote omitted). The "gatekeeping" mechanism created by the AEDPA amended § 2244(b) to provide:

> The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A). A three-judge panel has 30 days to determine whether "the application makes a prima facie showing that the application satisfies the requirements of" § 2244(b). § 2244(b)(3)(c); *see* §§ 2244(b)(3)(B), (D).

*Felker v. Turpin*, 518 U.S. 651, 657 (1996).

This action qualifies as a successive § 2254 action because the petitioner's first § 2254 action filed in this court in 2011 pertaining to the same conviction was decided on the merits. *See Henderson v. Bazzle*, C/A No. 9:08-978-MBS-GCK, 2008 WL 1908535, at *3 (D.S.C. April 29, 2008) (for a petition to qualify as "successive," the prior petition must have been adjudicated on the merits, which includes a prior dismissal of a petition as untimely). Even if the petitioner has obtained newly discovered evidence, he still must move in a court of appeals for an order to authorize the district court to consider a successive § 2254 petition. 28 U.S.C. § 2244(b); *Kelly v. South Carolina Dep't of Corr.*, 382 F. App'x 284 (4th Cir. June 9, 2010) (describing the standard related to newly discovered evidence). Title 28, United States Code, Section 2244(b)(2) provides that in some circumstances a petitioner may bring a second or successive § 2254 action. That statute permits a court of appeals to determine whether to authorize a successive petition.

Thus, the United States Court of Appeals for the Fourth Circuit—not this District Court—is the proper tribunal to decide whether to authorize a successive § 2254. *See United States v. Winestock*, 340 F.3d 200, 205–06 (4th Cir. 2003). Because it appears that the petitioner attempted but did not obtain authorization from the United States Court

of Appeals for the Fourth Circuit to file this petition, this court does not have jurisdiction to consider it. *Id.*

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based on the foregoing, the undersigned recommends that the respondent's motion to dismiss (doc. 15) be granted**,** and the petition be denied.

s/Kevin F. McDonald
United States Magistrate Judge

July 25, 2018
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).