IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Kevin Pitts, | C/A No. 6:18-291-JFA-KFM |
| Petitioner, | |
| v. | **ORDER** |
| Warden of Lee Correctional Institution | |
| Respondent. | |

## I. INTRODUCTION

Kevin Pitts (Petitioner), a prisoner proceeding *pro se*, filed a petition for writ of habeas corpus seeking relief under 28 U.S.C. § 2254. Petitioner seeks to vacate his 2006 state convictions of murder and possession of a weapon during the commission of a violent crime entered in Anderson County Court of General Sessions. Petitioner argues that his grounds for relief are ineffective assistance of counsel, lack of probable cause for arrest, newly discovered evidence, and prosecutorial misconduct.

Respondent filed a motion to dismiss on April 24, 2018. (ECF No. 15). Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), this Court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to adequately respond to the Respondent's motion. (ECF No. 17). When Petitioner did not file a timely response, the Magistrate Judge issued an order giving him until June 25, 2018 to file a response. (ECF No. 19). Petitioner filed a response on June 22, 2018. (ECF No. 21).

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this Court should grant Respondent's Motion to Dismiss. (ECF No. 24). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

The Magistrate Judge correctly found that Petitioner's petition qualifies as a successive § 2254 petition and thus the United States Court of Appeals for the Fourth Circuit is the proper tribunal to decide whether to authorize a successive §2254.[2] *See United States v. Winestock*, 340 F.3d 200, 205-206 (4th Cir. 2003).

Plaintiff was advised of his right to object to the Report, which was entered on the docket on July 25, 2018. (ECF No. 23). Petitioner filed objections to the Report on August 10, 2018, (ECF No. 50), and Respondent filed a response to Petitioner's objections on October 11, 2017. (ECF No. 26). Thus, this matter is ripe for the Court's review.

A district court is only required to conduct a de novo review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Va. Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976).

[2] The Magistrate Judge notes that in 2011, Petitioner filed a habeas action pursuant to 28 U.S.C. § 2254 in this court seeking to overturn the same state convictions. (ECF No. 23 p. 2). The case was decided on the merits. *Id*. Petitioner then filed another habeas action pursuant to 28 U.S.C. §2254 in this Court in 2017. *Id*. This case was dismissed as successive. Petitioner also moved before the United States Court of Appeals for the Fourth Circuit for leave to file a successive habeas petition. *Id*. The Fourth Circuit denied the motion for authorization to file a successive habeas application in an order issued on May 25, 2017. *Id*.

1992). In the absence of specific objections to portions of the Magistrate's Report, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Plaintiff has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the Complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

## II. DISCUSSION

Petitioner does not specifically object to the Magistrate Judge's finding that he is bringing a successive § 2254 petition and that he must first obtain authorization from the United States Court of Appeals for the Fourth Circuit to do so. *See* (ECF No. 26). Instead, it appears that Petitioner is arguing a court failed to receive a motion that he filed. He further argues that there was an error in date and that he mistitled his heading for a motion of summary judgment. Petitioner also argues that he has discovered his arrest was unlawful and without probable cause.

None of these statements can be construed as specific objections to the Magistrate Judge's Report. *See Orpiano*, 687 at 47. It is clear from the Report that Petitioner is filing a successive § 2254 and thus this Court does not have jurisdiction over the petition. Petitioner must first obtain authorization from the Fourth Circuit. *See Winestock*, 340 at 205-206.

## III. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report and Recommendation (ECF No. 23) granting Respondent's motion to dismiss (ECF No. 15) and dismisses the petition for lack of jurisdiction.

Further, because Petitioner has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).[3]

IT IS SO ORDERED.

August 17, 2018  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[3] The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2254 Proceedings. In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that Petitioner "has made a substantial showing of the denial of a constitutional right." A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).The Court concludes that Petitioner has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.